## H. H. DANIEL CO. v. BROWN. (4 Div. 83.)

(Supreme Court of Alabama. Oct. 18, 1923.)

1. New trial ⬤═86—Not to be granted because of party being without authorized representation in trial court after reversal on appeal.

Even were it a fact that defendant was without legal representation in the trial court after the judgment was reversed on appeal, it would not be ground for new trial; he being in court and bound to know the status of the case, and its course on the trial docket.

2. New trial ⬤═98—Personal absence of party from court on day of trial, not being prejudicial, not ground for.

Personal absence of a party from court the day the case was submitted and tried is not ground for new trial, it not appearing that it resulted in any prejudice to him.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Action on account by the H. H. Daniel Company against H. G. Brown. Defendant's motion for new trial was granted, and plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and rendered.

A. G. Seay, of Troy, for appellant.

A new trial will not be granted, unless movant has a good defense, nor, in the absence of fraud, for failure of counsel to notify him of steps in the case. Ingram v. Ala. Power Co., 201 Ala. 13, 75 South. 304; Albert Haas Lbr. Co. v. Gibson, 172 Ala. 111, 54 South. 994, Ann. Cas. 1913D, 497. The movant must show diligence. McLeod v. Shelby Co., 108 Ala. 81, 19 South. 326.

W. L. & R. S. Parks, of Troy, for appellee.

No brief reached the Reporter.

SOMERVILLE, J. On a former trial by the court, sitting without a jury, there was judgment for defendant. On appeal, the Court of Appeals held that, under the evidence, the judgment should have been for plaintiff, and the judgment was reversed and the cause remanded. H. H. Daniel Co. v. Brown, 18 Ala. App. 655, 94 South. 243.

The bill of exceptions on this appeal recites that "it was agreed in open court by the attorneys for plaintiff and defendant, respectively, that this case be submitted to the court upon the same issue, agreement, and testimony as upon the former trial"; and on the trial thus had the court rendered judgment for plaintiff.

Defendant then filed his motion for a new trial, which was granted by the court. In this we think the trial court was clearly in error.

The first two grounds of the motion, challenging the propriety of the judgment on the law and on the facts, respectively, are without merit, as shown by the opinion of the Court of Appeals, 18 Ala. App. 655, 94 South. 243.

The other grounds presented are: That defendant was not notified of the time when the case would be tried; that he was not present at the trial, and did not know it was impending; and that he was not represented at the trial by any attorney who was authorized to appear for him.

[1] There is no merit in any of these grounds. It appears from the record that the law firm of W. L. & R. S. Parks were employed by defendant generally for the defense of the suit, and that they represented him on the original trial and on the first appeal. Judge Parks testified that their general employment was never revoked, and that he appeared for defendant at the second trial, and represented him to the best of his knowledge and ability. Moreover, if it were true that defendant was without authorized representation in the trial court after the judgment of reversal on appeal, he was nevertheless in court and bound to know the status of the case, and its course on the trial docket.

[2] And, finally, it does not appear that his personal absence from court on the day the case was submitted and tried resulted in any prejudice to him whatever.

We think the trial court erred in granting the motion for a new trial, and the judgment in that behalf will be reversed, and a judgment will be here rendered overruling the motion.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.